E. D. MARSHALL, Appellant, v. L. W. PRATT et al., Appellees.

**VENDOR AND PURCHASER:** Contracts—Waiver of Right to Forfeit.
1  A material and mutual change in the *original* terms of payment under a contract of sale of realty, evidenced by the conduct of the parties, necessarily precludes a declaration of forfeiture based on the claim that the original terms of payment were not complied with.

**TRIAL:** Improper Calendar—Waiver. He who interposes no objection
2  to the trial of his cause in equity may not thereafter object to the jurisdiction of the court to grant proper equitable relief to the parties.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED APRIL 3, 1923.

ACTION of right to obtain possession of real estate. Defendant denied plaintiff's title to the premises, and claimed ownership and right of possession in himself. The court entered a decree providing for performance of an outstanding contract between the parties. Plaintiff appeals.—*Affirmed.*

*Joseph C. Picken,* for appellant.

*E. A. Minetor* and *W. F. Maley,* for appellees.

FAVILLE, J.—This action was originally brought in the municipal court of the city of Des Moines. It is an action of right, wherein the appellant alleges that he is the absolute, un-

1. VENDOR AND PURCHASER: contracts: waiver of right to forfeit.

qualified owner of certain lots in the city of Des Moines, and prays that he may have a writ of possession against the appellee Pratt and the appellee Holt, who is the lessee of Pratt. Pratt filed an answer, denying that the appellant is the owner of the premises, and alleging that he is the owner thereof. Upon the filing of said answer, the municipal court ordered the cause transferred to the district court of Polk County, where it came on for trial upon the issues so joined.

I. Both parties tried the case below as though it were in equity, and as though the pleadings presented for determination all matters between the parties pertaining to the full adjustment of their differences regarding the premises in controversy. This was done without any objection whatever in the record, and we shall consider the case as triable *de novo* upon the record so made.

It appears that the title to the premises in controversy is vested of record in the appellant. On December 10, 1915, the appellant executed to the appellee Pratt a written contract for the sale of the said described premises. The consideration for the same was $700, payment to be made as follows: $1.00 upon the execution of the agreement; $50 January 1, 1916; $30 quarterly thereafter; and balance remaining unpaid to be due January 1, 1919. The contract contained the following clause:

"But in case the second party fails to make the payment aforesaid, either principal or interest or any part thereof, as

the same becomes due, or fails to pay the taxes and assessments or any part thereof, levied upon said property or assessed against him, before they or any of them become delinquent, or fails to keep the property insured as herein stated, or fails to perform any of the agreements herein made or required, strictly and literally, the time and times of all payments and performances herein provided for, being strictly of the essence of this contract, then, in either of said cases, the party of the first part shall have the right at his option, either—

"First, to declare the contract null and void; second, he may proceed by an action at law to collect the amount then due and to become due; third, may proceed by an action in equity to foreclose the contract; fourth, may bring an action for specific performance; also that no act of re-entry will be necessary to be performed or made by the party of the first part, after a forfeiture of the contract. That the extension of time or times of payment shall not constitute a waiver of the plaintiff's right to declare this contract forfeited for default subsequently recurring."

Several weeks after the execution of the contract, the exact date not appearing in the record, the appellee executed and delivered to the appellant a note for the purchase price of $700. By agreement between the parties, this note was antedated, to conform to the date of the contract. This note, with the contract thereto attached, was hypothecated by the appellant as collateral security to the indebtedness of the appellant to the Valley National Bank of Des Moines, Iowa. It remained in said bank as collateral to the indebtedness of the appellant until shortly before the trial of this cause, in October, 1920. In June, 1919, the bank notified the appellee that it held said note and contract. On August 30, 1918, the appellant served upon the appellee a notice of intention to forfeit the contract unless the amount due thereon was paid within thirty days. No further action was taken by the appellant until the commencement of this suit, in July, 1919.

. Upon the trial of the case, the appellant produced the said note of $700, and tendered the same in court, with an entry in red ink across the face thereof: "Canceled by forfeiture of contract." The appellee also tendered in open court the sum of

$650, upon the contract. The court entered a decree requiring appellant to deliver to appellee an abstract of title, showing good and merchantable title in the premises, as provided in said contract, and giving appellee fifteen days to examine and to approve said abstract, and decreed that, when the same was examined and approved, the appellant should execute and deliver to the appellee a warranty deed conveying said premises; that thereupon the appellee should pay to the appellant the sum of $260, being the amount due on said contract of purchase on June 15, 1920; and that the appellee should assume and pay the said mortgage of $400, with interest thereon from and after June 15, 1920. Said decree also provided that, in the event that the abstract of title was not a good and merchantable title, appellant should have thirty days in which to correct the same. It was further ordered that all taxes, special assessments, and all other claims against the property should be paid by the appellee.

It is contended by the appellant that the appellee's rights under the contract entirely ceased and terminated at the end of thirty days after the service of the notice of forfeiture on August 30, 1918. This notice of forfeiture was served in accordance with the provisions of Section 4299 of the Code.

Even if the appellant was entitled to serve the notice of forfeiture at said time, because of the failure on the part of the appellee to strictly make the payments provided for under the contract, we do not think that the appellant had a right thereafter to insist upon the forfeiture; or, in other words, it is apparent that the appellant waived his rights to insist upon a forfeiture of the contract. By agreement between the parties, there had been a substantial change in the manner and time of making the payments under the contract. The mortgage of $400 had been placed on the premises, and the appellant had received the proceeds thereof, and appellee had consented to the same, with the understanding that, when deed was delivered, he was to assume the same as part of the purchase price. As stated, the notice of forfeiture was served in August, 1918; but at that time, the appellant had appellee's note of $700, which was drawing interest, and which had been previously hypothecated by him, and was outstanding, and in the hands of a third party,

who, approximately a year thereafter, was seeking to enforce the same against the appellee.

Under these circumstances, the trial court was correct in holding that the appellant had waived his right to a forfeiture of the contract. The decree entered by the trial court seems to have been fair and equitable to both parties, under the circumstances and conditions disclosed at the time of the trial. As before stated, without objection to the manner or form of procedure, both parties submitted the cause to the court, for determination of their respective rights in the premises, and tried the cause as in equity. Because thereof, the appellant is not now in a position to complain of the method pursued, or of the jurisdiction of the court to grant the relief provided in the decree.

2. TRIAL: improper calendar: waiver.

We are satisfied with the conclusions reached by the trial court. The decree is—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.

DE GRAFF, J., takes no part.